```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

FREDERICK HALL,                 )    CIVIL 17-00559 LEK-KJM
                                )
          Plaintiff,            )
                                )
     vs.                        )
                                )
UNITED STATES ARMY/DEPARTMENT   )
OF DEFENSE, DEPARTMENT OF       )
VETERANS AFFAIRS, OLYMPIC       )
MOVING & STORAGE, INC.,         )
                                )
          Defendants,           )
_____ )
```

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTIONS TO DISMISS**

Pro se Plaintiff Frederick Hall ("Plaintiff") filed his Complaint and Request for Injunction ("Complaint") on November 14, 2017. [Dkt. no. 1.] On March 9, 2018, Defendant Olympic Moving & Storage, Inc. ("Olympic") filed its Motion to Dismiss the Complaint [ECF No. 1] ("Olympic Motion"). [Dkt. no. 30.] On March 13, 2018, Defendants United States Army, Department of Defense, and Department of Veterans Affairs (collectively, "the Government Defendants" and all collectively, "Defendants") filed their Motion to Dismiss ("Government Defendants' Motion" and both collectively, "Motions"). The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local

Rules"). Defendants' Motions are hereby granted in part and denied in part for the reasons set forth below.

## DISCUSSION

Plaintiff is a disabled veteran who has lost both of his legs. [Statement of Pleading, for Relief, filed 12/8/17 (dkt. no. 10) ("12/8/17 Statement"), at 2.] Plaintiff's Complaint explains his entitlement to relief as arising because, on March 17, 1972, at 4:00 a.m., his life was threatened: "[w]hen I was about to go on an Emergency Leave by the - Red Cross, I was rapidly discharged without my Rights of Due Process at Fort Jackson South Carolina." [Complaint at § III.] Plaintiff asks the Court to issue him "a letter of credit in the amount of 15 million dollars," which would assist with his "housing and mobility" needs. [12/8/17 Statement at 2.]

Although the Complaint does not mention Olympic, Plaintiff's "Clear Defined Statement," filed on December 12, 2017 ("12/12/17 Statement"), alleges Olympic "is guilty of racialism, and discriminatory practices against people with Disabilities." [Dkt. no. 13 at 2.] According to the 12/12/17 Statement, Plaintiff has rented storage from Olympic since January 2014, and "problems started to occur" in July 2016, when he was told the monthly payments for April through July were missing. [Id.] Plaintiff contends he made these payments. [Id.] With the 12/12/17 Statement, Plaintiff submitted: a receipt from Olympic,

2

dated May 31, 2016, for a credit card charge of $180.00; three invoices from Olympic for the periods June 1-30, 2016, July 1-31, 2016, and August 1-31, 2016; and two receipts for cashiers checks payable to Olympic, each for $90, dated April 4 and July 1, 2016. [Dkt. no. 13-1.] Plaintiff requests the Court "obligate [Olympic] to move [Plaintiff's] furniture, from the state of Washington, to the state of Hawaii." [12/12/17 Statement at 2.]

The Motions argue the Complaint should be dismissed with prejudice. Plaintiff is appearing pro se; consequently, the Court liberally construes his pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))).

On April 5, 2018, Plaintiff filed a document stating, "it is unfortunate, but until I can hire an Attorney I cannot continue, and must Withdraw, or the Court may consider appointment of Counsel" ("Request"). [Dkt. no. 36.] Because Olympic has already filed its answer, [filed 2/15/18 (dkt. no. 21),] Plaintiff's Request cannot be construed as a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i). Plaintiff's Request is liberally construed as a memorandum stating his non-opposition to dismissal without prejudice, and opposing dismissal with prejudice on the grounds that, after he

3

obtains counsel, the deficiencies in the Complaint can be cured by amendment.[1]

The Court notes that Plaintiff has twice before sued the same Defendants, most recently in this district court, and previously in the United States District Court for the Western District of Washington. See Hall v. United States Army, et al., CV 17-00345 HG-RLP ("Hawai`i Action"); Hall v. Dep't. of the United States Army, et al., Case No. C16-1846RSM ("Washington Action"). In the Washington Action, the district court entered its Order of Dismissal on April 5, 2017, and stated: "Plaintiff raises allegations of discrimination arising out of his discharge from the United States Army in 1972. There are no specific facts discussed, and no indication as to how the various named Defendants are allegedly liable to him." [Washington Action, dkt. no. 5 at 1 (internal citations omitted).]

In the Hawai`i Action, Plaintiff filed a complaint that was virtually identical to that filed in the instant matter. See Hawai`i Action, Complaint and Request for Injunction, filed 7/19/17 (dkt. no. 1). On August 28, 2017, the magistrate judge provided Plaintiff with notice of the deficiencies in the Hawai`i Action complaint. See Hawai`i Action, Findings and

---

[1] The Court notes "[t]here is no constitutional right to counsel in a civil case." D'Agirbaud v. Alanzo, Civ. No. 18-00021 JMS-RLP, 2018 WL 1385785, at *3 (D. Hawai`i Mar. 19, 2018) (citing Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981)).

4

Recommendation that the District Court Dismiss Plaintiff's Complaint with Leave to Amend and Deny the Pending Motions as Moot ("Hawai`i Action F&R"), dkt. no. 17, *adopted as modified by* Order Adopting the Magistrate Judge's Findings and Recommendation (ECF No. 17), as Modified, to Dismiss Plaintiff's Complaint with Leave to Amend and Deny the Pending Motions as Moot ("Order Adopting Hawai`i Action F&R"), filed 9/14/17 (dkt. no. 21). The magistrate judge stated:

> The Court has reviewed Plaintiff's Complaint and concludes that, even liberally construed, the Complaint fails to state any discernable basis for judicial relief. In his Complaint, Plaintiff states that he is asserting a claim for violation of his due process rights. See ECF No. 1 at 4. To state a claim for violation of due process, Plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003). Here, it appears that Plaintiff is asserting a claim for violation of his due process rights related to his discharge from the United States Army on March 17, 1972. See ECF No. 1 at 5-6.
>
> Plaintiff's Complaint does not identify the liberty or property interest at issue and does not allege any facts regarding the denial of procedural protections. Although Plaintiff alleges that he was about to go on emergency leave by the Red Cross and that he believed his life was being threatened, these allegations do not show that Plaintiff was denied procedural protections by Defendants. See ECF No. 1 at 5. Plaintiff does not allege how these facts relate to his claim against Defendants for a violation of his due process rights. See id. at 5-6. Further, Plaintiff does not allege any facts regarding how each Defendant named in the Complaint violated his

5

rights.  The only act alleged in the Complaint is
Plaintiff's discharge, which would potentially
implicate Defendant United States Army, but there
are no facts regarding any action by Defendant
Department of Veteran Affairs, Defendant Disabled
American Veterans, or Defendant Olympic Moving &
Storage, Inc.  The Court is unable to discern a
basis in the Complaint for any claim against
Defendant Department of Veteran Affairs, Defendant
Disabled American Veterans, or Defendant Olympic
Moving & Storage, Inc.

 In response to Defendant Olympic Moving &
Storage, Inc.'s Motion for a More Definite
Statement, Plaintiff filed a Response in which
Plaintiff states that Defendant Olympic Moving &
Storage, Inc. engaged in "discriminatory
practices."  See ECF No. 16.  However, there are
no factual allegations in the Complaint regarding
any actions of Defendant Olympic Moving & Storage,
Inc.  See ECF No. 1.  If Plaintiff wishes to
assert a claim against Defendant Olympic Moving &
Storage, Inc., he must include sufficient factual
allegations in his complaint to support that
claim.

 Finally, to the extent Plaintiff is asserting
a claim based on his discharge that occurred in
1972, such claim appears to be barred by the
applicable statute of limitations.  Actions
challenging a discharge from the armed services
are subject to the six-year statute of limitations
set forth in 28 U.S.C. § 2401(a).  See Davenport
v. England, 222 F. App'x 551, 552 (9th Cir. 2007)
(applying six-year statute of limitations to a pro
se plaintiff's complaint against the Navy
challenging his discharge).  Here, Plaintiff's
Complaint was filed forty-five years after his
discharge, well after the six-year statute of
limitations expired.

[Hawai`i Action F&R at 3-5.[2]]  These deficiencies in the

complaint in the Hawai`i Action also apply to the virtually

---

[2] The modifications in the Order Adopting Hawai`i Action
F&RD did not affect the quoted portion of the Hawai`i Action F&R.

identical Complaint in this case.  Plaintiff's Complaint fails to state a plausible claim upon which relief can be granted and must be dismissed.  See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007))).

"'Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.'"  <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Considering that Plaintiff has not yet filed an amended complaint in this case, his non-opposition to dismissal without prejudice, and his expressed interest in filing an amended complaint after obtaining legal representation, it is not "absolutely clear that no amendment can cure" the deficiencies in the Complaint.  See <u>id.</u>  The dismissal is therefore without prejudice.

Should Plaintiff file an amended complaint to fix the defects this Court has identified in this Order, the amended complaint must include all of the factual allegations that his claims rely upon.  In other words, Plaintiff cannot incorporate any portion of his original Complaint into his amended complaint by merely referring to the original Complaint.  Plaintiff does

not have the Court's permission to add any new parties or new claims in the amended complaint.

Because Plaintiff has indicated he only wishes to pursue his claims after he has obtained legal representation, no deadline is set for the filing of an amended complaint and the case is hereby administratively closed. The closure of this case is simply for administrative purposes and has no effect on the procedural or substantive rights of any party. In particular, the Court explicitly notes that the administrative closure neither affects nor changes the filing date of this litigation in terms of the statute of limitations or for any other purpose.

Before filing an amended complaint, Plaintiff must file a motion to reopen this case. In other words, to pursue his claims in this case, Plaintiff is not required to file a new case by filing a new complaint with either a filing fee or an application to proceed *in forma pauperis*, but rather, Plaintiff should file a motion seeking the Court's permission to reopen this case. If the Court grants Plaintiff's motion to reopen the case, the Court will issue a deadline for the filing of Plaintiff's amended complaint.

## **CONCLUSION**

On the basis of the foregoing, Olympic's Motion to Dismiss the Complaint [ECF No. 1], filed March 9, 2018, and the Government Defendants' Motion to Dismiss, filed March 13, 2018,

are HEREBY GRANTED IN PART AND DENIED IN PART.  The Motions are GRANTED insofar as the Complaint is DISMISSED, and DENIED insofar as the dismissal is WITHOUT PREJUDICE.  The Clerk's Office is DIRECTED to close this case administratively.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, April 30, 2018.



    /s/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**FREDERICK HALL VS. UNITED STATES ARMY, ET AL; CIVIL 17-00559 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**